

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ENTERED
07/13/2012

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 11-10313 |
| YOLANDA G FUENTES; aka | § | CHAPTER 7 |
| GONZALEZ; aka FUENTES | § | |
| | § | |
| Debtor(s). | § | JUDGE ISGUR |
| | § | |
| | § | |
| DISCOVER BANK | § | |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| vs. | § | ADVERSARY NO. 11-1004 |
| | § | |
| YOLANDA G FUENTES | § | |
| | § | |
| Defendant(s). | § | |

## MEMORANDUM OPINION

On January 24, 2012, Plaintiff Discover Bank filed a motion to reconsider the Court's January 23, 2012 judgment entered in favor of Defendant Yolanda Fuentes for Discover's failure to appear at trial. A hearing was held on May 14, 2012. Discover argued that it deserved relief from the judgment because of excusable neglect and a meritorious defense. The meritorious defense was that Discover should have been given a default judgment for Ms. Fuentes' failure to answer. For the reasons set forth below, this Court holds that Discover is not entitled to a default judgment or relief from judgment.

### Jurisdiction

The Court has jurisdiction over this matter under 28 U.S.C § 1334. Venue is proper in this District pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

**Background**

Yolanda Fuentes filed for chapter 7 bankruptcy on May 31, 2011. On August 3, 2011, Discover Bank ("Discover") filed an adversary proceeding against Ms. Fuentes seeking to have $4,940.00 in credit card charges excepted from discharge under § 523(a)(2)(A). (ECF No. 1).

In its complaint, Discover alleges that between January 13, 2011 and February 5, 2011, Ms. Fuentes accumulated $4,940.00 in retail charges while having no ability or objective intent to repay. (ECF No.1, at 4). The complaint is void of factual support for these allegations. The complaint alleges without a stated factual basis that Ms. Fuentes obtained credit from Discover under false pretenses, false representations and/or actual fraud. *Id.*

Ms. Fuentes failed to appear for a scheduling conference on November 14, 2011. At the November 14, 2011 hearing, the Court informed Discover that its complaint failed to state a sufficient factual basis on which relief could be granted. Trial was set for January 23, 2012. Discover never amended its pleadings.

Based upon Ms. Fuentes' failure to appear or answer, Discover moved for default judgment against Ms. Fuentes on January 19, 2012. (ECF No. 9). An affidavit of relief sought, a non-military affidavit, and an affidavit of the debt, i.e., a list of the credit card transactions, were attached to the motion for default judgment. (ECF Nos. 9-1, 9-2 & 9-3). The Court denied the motion on January 20, 2012. (ECF No. 15).

Subsequently, both parties failed to appear at the scheduled trial on January 23, 2012. The Court entered judgment for Ms. Fuentes. (ECF No. 18). The following day, Discover filed a motion to reconsider based upon "excusable neglect." (ECF No. 19). A hearing was held on the motion on May 14, 2012. Discover argued at the hearing that relief from the judgment was proper based upon the alleged meritorious defense that Discover should have received a default

judgment in the first place.  Discover did not offer any new evidence at the hearing but relied on its original complaint and Ms. Fuentes' failure to answer.

The Court ordered Discover to file a brief no later than June 12, 2012, on whether a complaint that insufficiently pleads facts to support a § 523(a)(2)(A) action nonetheless warrants a default judgment when a defendant fails to answer.

## Motion to Reconsider

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. However, motions seeking reconsideration may be filed under Fed. R. Civ. P. 59, 60, and 52, which apply to bankruptcy proceedings under Bankruptcy Rules 9023, 9024 or 7052.  Discover moved for reconsideration within a reasonable time under Fed. R. Civ. P. 60(b).  This Court has "considerable discretion" in deciding whether to grant a motion for reconsideration.  *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).  Discover's motion for reconsideration presents no new facts and seeks reconsideration only on the basis that the Court erred in denying a default judgment on the § 523(a)(2)(A) claim.

Because Discover's pleadings failed to comply with Fed. R. Civ. P. 9, Discover has not pleaded a cause of action that can warrant a default judgment.  Discover argues that it is entitled to automatic entry of a default judgment under Fed. R. Civ. P. 55(b)(1).  As set forth below, Rule 55(b)(1) does not apply because Discover seeks more than a sum certain.  Instead, the Court must decide, based on Discover's pleadings, whether a default judgment is proper.  The Court denies default judgment because Discover does not meet the pleading standards.

### 1. A §523 complaint must comply with Rule 9(b).

"[A] defendant's default does not in itself warrant the court in entering a default judgment.   There must be a sufficient basis in the pleadings for the judgment entered."

*Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). A request for default judgment may be denied when the complaint is insufficient. *Id.*

Discover alleges that Ms. Fuentes obtained credit in violation of § 523(a)(2)(A). Section 523 provides:

> (a) A discharge under § 727 . . . does not discharge an individual debtor from any debt . . .
>    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—
>       (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

For § 523(a)(2)(A) actions, the Fifth Circuit requires proving common-law fraud. *In re Mercer*, 246 F.3d 391, 401-02 (5th Cir. 2001) (clarifying "the standards governing nondischargeability of card-debt"). Because Discover's claim requires a showing of fraud, a complaint under § 523(a)(2)(A) must comport with Fed. R. Civ. P. Rule 9(b), applicable through Fed. R. Bankr. P. 7009. Rule 9(b) requires a party to state with particularity the circumstances constituting fraud.[1] "The allegations should allege the nature of the fraud, some details, a brief sketch of how the [fraud] operated, when and where it occurred, and the participants." *In re Haber Oil.*, 12 F.3d 426, 439 (5th Cir. 1994) (citing *Askanase v. Fatjo*, 148 F.R.D. 570, 574 (S.D. Tex. 1993)). Discover's boilerplate complaint states that Ms. Fuentes had "no ability or objective intent to repay," and she obtained credit from Discover "by false pretenses, false representations, and/or actual fraud." (ECF No. 1, at 6). Both of these legal conclusions are void of particularized factual support.

Because all of the facts and circumstances surrounding the card use are used to determine a debtor's subjective intent, Discover may rely on certain facts inherent to credit card use.

---

[1] The presumption of nondischargeability under § 523(a)(C)(i)(I) is not implicated by Discover's complaint. *See* § 523(a)(C)(i)(I).

*Mercer*, 246 F.3d at 409. When a cardholder uses a credit card, she makes an implied representation that she has ability to repay and that the issuer of the card may reasonable rely on that representation. *Id*. But failing to pay does not necessarily show fraudulent intent. *Id.*

Consequently, Discover must allege sufficient facts to show Ms. Fuentes' fraudulent intent. *In re Crandall*, 400 B.R. 111, 113-14. Discover's complaint does not address the circumstances around the debt or attempt to explain the separate charges. "[T]he Rule 9(b) standards require specificity as to the statements were made, and an explanation why they are fraudulent." *Plotkin v. IP Axess Inc., Etc.*, 407 F.3d 690, 696 (5th Cir. 2005). Conclusory allegations and an affidavit simply listing transactions, without more, do not meet the requisite level of particularity to support a § 523(a)(2)(A) claim. *See In re Crandall*, 400 B.R. 111, 116 (noting that "[a] conclusory affidavit is not enough" to support allegations of fraudulent intent). Thus, Discover's pleadings were insufficient to support a default judgment.

## 2. *The Court has discretion to deny a motion for default under Fed. R. Civ. P 55.*

Default judgments are governed by Fed. R. Civ. P. 55, and made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7055. Default judgments are not mandatory. Under Rule 7055, the Court may require proof or necessary facts to support a valid cause of action. If such facts are lacking, the Court may not enter the judgment. *Peerless Indus., Inc. v. Herrin Illinois Cade, Inc.*, 593 F. Supp. 1339, 1341 (E.D. Mo. 1984) *aff'd sub nom. Peerless Indus. v. Herrin Cafe*, 774 F.2d 1172 (8th Cir. 1985).

Rule 55 provides:

> (b) Entering a Default Judgment.
> (1) By the Clerk.
> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount

>   due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>   (2) By the Court.
>   In all other cases, the party must apply to the court for a default judgment . . . The court may conduct hearings . . . when, to enter or effectuate judgment, it needs to:
>
>> (A) conduct an accounting
>> (B) determine the amount of damages
>> (C) establish the truth of any allegations by evidence; or
>> (D) investigate any other matter.

### a. Rule 55(b)(1)

Discover, in its brief, solely focuses on (b)(1).[2] However, Rule 55(b)(1) is inapplicable to this case because Discover seeks far more than just a monetary judgment on the sum certain; it seeks a determination that the debt is excepted from discharge. *In re Liu*, 282 B.R. 904, 907 (Bankr. C.D. Cal. 2002). The jurisdictional analysis in *In re Morrison* illustrates this point. 555 F.3d 473 (5th Cir. 2009). In *Morrison*, the court decided whether a bankruptcy court had jurisdiction both to declare a debt excepted from discharge *and* to enter a monetary judgment against the debtor. *Id.* at 478 (emphasis added). The necessity of finding separate jurisdictional grounds for the liquidation of damages and the exception to discharge shows that these are two separate forms of relief. Entering a default judgment against a debtor in a § 523 claim in which the plaintiff seeks both liquidation of damages and an exception to discharge requires more than just entering a monetary judgment for a "sum certain."

Further, when a court awards monetary damages in addition to declaring an exception to discharge, the entire amount of the monetary judgment is not necessarily excepted from

---

[2] Notably, Discover's brief is absent of any authority to support its position that Rule 55(b)(1) governs default entries in § 523 actions.

discharge. In this case, even if it were "certain" that Ms. Fuentes owed $4,940.00, it would not be certain that all charges were obtained by fraud and thus excepted from discharge. Discover's claim against Ms. Fuentes is not solely for a "sum certain." Discover also seeks a finding of nondischargeability. Accordingly, Rule 55(b)(1) is inapplicable.

### b. Rule 55(b)(2)

Default judgments in § 523 proceedings are properly considered under Rule 55(b)(2). Under Rule 55(b)(2),

> The ability of the court to exercise its discretion and refuse to enter a default judgment is made effective by the two requirements in Rule 55(b)(2) that an application must be presented to the court for the entry of judgment and that notice of the application must be sent to any defaulting party who has appeared . . . This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a).
>
> In determining whether to enter a default judgment, the court is free to consider a number of factors . . . Among these are . . . whether the default is largely technical; . . . and whether the grounds for default are clearly established or are in doubt.

*In re Crandall*, 400 B.R. 111, 115 (Bankr. S.D. Tex. 2008) (citing 10A Wright, Miller & Kane, *Fed, Prac. & Proc. Civ.3d §* 2685). Filing a motion for default does not automatically entitle the moving party to a default judgment. Although Rule 8(b)(6) provides that an allegation not denied is deemed admitted, it does not require a court to blind its eyes from the movant's failure to plead allegations that are sufficient under Rule 9. *See Crandall*, 400 B.R. at 115 (holding that, despite Fed. R. Civ. P. Rule 8(b)(6), the court has discretion to require minimal proof in deciding to grant a default judgment). To do so would allow form to trump substance in a court of equity.

*See Pepper v. Litton*, 308 U.S. 295 (1939). ("[C]ourts of bankruptcy are essentially courts of equity, and their proceedings inherently proceedings in equity.").

Bankruptcy courts have broad discretion in considering whether a default judgment is warranted in dischargeability actions. *E.g.*, *In re Beltran*, 182 B.R. 820, 823 (B.A.P. 9th Cir. 1995); *In Re Villegas*, 132 B.R. 742, 746 (B.A.P. 9th Cir. 1991); *In re Sziel*, 206 B.R. 490, 492-3 (Bankr. N.D. Ill. 1997). Notably, this discretion is often exercised when the plaintiff's complaint has questionably pleaded § 523(a)(2)(A) allegations. The Court may require a plaintiff to comply with Rule 9 rather than to "rubber stamp" motions for default judgment in § 523(a)(2(A) actions.

Discover notes it has provided numerous opportunities for Ms. Fuentes to litigate or otherwise respond to the lawsuit. Likewise, this Court provided Discover an opportunity to amend its complaint to plead a cause of action.[3]

Discover had the opportunity to take advantage of the several unique discovery tools the Bankruptcy Rules offer, including making inquiry at the § 341 meeting of creditors or conducting a Rule 2004 examination. However, Discover supported its claim only by attaching an affidavit listing the charges. *See Sziel* 206 B.R. at 495 (noting that the creditor's failure to take advantage of different evidentiary methods to prove its claim weighed in favor of denial of default judgment). Although the affidavit may have been sufficient to establish that the amounts were due, it was insufficient to establish that the debt was incurred by fraud under § 523(a)(2)(A).

The Court cannot conclude this Memorandum Opinion without expressing its disappointment with counsel's professionalism. When questioned about why his complaint

---

[3] The Court stated on the record at the November 14, 2011 hearing that Discover's complaint failed to state a sufficient factual basis on which relief could be granted. *See* ECF No. 15 (order denying default judgment).

failed to meet Rule 7009, counsel replied that it was his policy to satisfy Rule 7009's requirement only when a responding defendant raised an objection.  This practice does *not* satisfy counsel's duties under the Federal Rules.  Although attempts to comply with Rule 7009 might occasionally fall short, counsel is obliged (i) to make a good faith attempt to comply with Rule 7009 when he files his initial complaint; and (ii) to refrain from filing a complaint if there are insufficient facts to satisfy Rule 7009's requirements.

## Conclusion

The Court denies Discover's motion to reconsider.

SIGNED **July 13, 2012.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE